### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| **AZALEA GYNECOLOGY, P.A.,** | **CASE NO.: 24-00330-5-PWM** |
| | **CHAPTER 11** |
| DEBTOR(S) | |

### EX PARTE MOTION FOR PRODUCTION OF DOCUMENTS AND INFORMATION PURSUANT TO FED. R. BANKR. P. 2004
(Timeless Funding, LLC)

NOW COMES Azalea Gynecology, P.A. ("Debtor"), by and through undersigned special counsel, and pursuant to Fed. Rule Bankr. P. 2004 respectfully requests that the Court enter an order directing Timeless Funding, LLC and its/their agents, managers, members, representatives, employees, officers, directors, attorneys, accountants, and any other persons acting on its/their behalf (individually and collectively, "Respondent") to produce and provide to counsel for the Debtor certain documents and information which are more particularly set forth on **EXHIBIT A** attached hereto and incorporated herein by reference. In support hereof, the Debtor shows unto the Court as follows:

<u>Jurisdiction</u>

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

<u>Bankruptcy Filing & Background</u>

2. The Debtor filed a petition under Chapter 11 of the Bankruptcy Code on February 1, 2024 ("Petition Date"), and the Debtor is operating as a debtor-in-possession.

3. The Debtor is a North Carolina corporation engaged in the business of providing gynecological medical care to individuals, with a physical location in Wilmington, North Carolina.

4. On June 4, 2024, Richard P. Cook of Richard P. Cook PLLC ("Special Counsel") was employed as special counsel for the Debtor to help review, investigate, and if necessary, pursue avoidance actions under Sections 547 and 548 of the Bankruptcy Code.

5. Upon information and belief, prior to the Petition Date the Debtor applied for credit from and transferred funds to and/or for the benefit of Respondent, on account of one or more agreements that may have been unauthorized and/or usurious under state law and/or antecedent debts that may avoidable pursuant to 11 U.S.C. §§ 547 and/or 548, and the proceeds from the avoidance and recovery as to such agreements and transfers would constitute property of the Debtor and the bankruptcy estate.

<u>Request for Production of Documents</u>

6. Upon information and belief, Respondent is in the possession, custody, and/or control of documents and information that relate to the liabilities and financial condition of the Debtor, property of the Debtor, and the administration of its estate.

7. Fed. R. Bank. P. 2004 provides in pertinent part as follows:

> (a) *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> (b) *Scope of Examination.* The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt under chapter 13, or a reorganization case under chapter 11 of the

Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formation of a plan.

8. Under the Local Rules for the United States Bankruptcy Court for the Eastern District of North Carolina, "[a] motion for an examination under this rule shall be reviewed by the court and allowed ex parte." E.D.N.C. LBR 2004-1.

9. Specifically, the documents, materials, and items more particularly set forth in EXHIBIT A attached hereto relate to the liabilities and financial condition of the Debtor, property of the Debtor, and the administration of its estate.

10. Accordingly and based on the foregoing, the Debtor respectfully requests that the Court enter an order directing Respondent to produce and deliver, no later than 5:00 P.M. on July, 25, 2024, the documents and information set forth on the attached **EXHIBIT A**, pursuant to the definitions and instructions set forth on the attached **EXHIBIT B**, by electronic delivery or, in the alternative, physical delivery, to Special Counsel for the Debtor (or such other place as may be agreed between the Respondent and Special Counsel for the Debtor or that Special Counsel for the Debtor may specify in a subpoena).

11. The Debtor further requests that, to the extent that a subpoena is necessary to compel the production of the documents and information requested herein, the Court authorize service of the subpoena by any manner that reasonably insures actual receipt of the subpoena including delivery by electronic mail with receipt confirmed, first class mail postage prepaid, certified mail, or overnight courier such as Federal Express.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1. Pursuant to Fed. Rule Bankr. P. 2004, directing and requiring the Respondent to produce and deliver no later than 5:00 P.M. on July, 25, 2024 the documents and information set

forth on the attached EXHIBIT A, pursuant to the definitions and instructions set forth therein, by electronic delivery or, in the alternative, physical delivery to Special Counsel for the Debtor at Richard P. Cook, 7036 Wrightsville Avenue, Ste. 101, Wilmington, NC 28403, Email: Richard@CapeFearDebtRelief.com (or such other place as may be agreed between the Respondents and Special Counsel for the Debtor or that Special Counsel for the Debtor may specify in a subpoena);

  2. To the extent that a subpoena is necessary to compel the production of documents and/or information or attendance at an examination, authorizing service of the subpoena by any manner that reasonably insures actual receipt of the subpoena including delivery by electronic mail, first class mail postage prepaid, certified mail, or overnight courier such as Federal Express; and

  3. Granting the Debtor such other and further relief as the Court may deem just and proper.

DATED: July 9, 2024

RICHARD P. COOK, PLLC

/s/ Richard P. Cook
Richard P. Cook
Special Counsel for the Debtor
N.C. State Bar No. 37614
7036 Wrightsville Avenue, Ste. 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: Richard@CapeFearDebtRelief.com

## EXHIBIT A

## DOCUMENTS & INFORMATION TO BE PRODUCED

Produce, pursuant to the following Instructions and Definitions, ALL Documents, Electronically Stored Information, and other information within your possession, custody or control that in any way Relate to the Debtor, including without limitation:

1. All loan, account, or credit applications or requests;

2. All agreements and contracts, including agreements and contracts regarding any loan or sale of receivables or accounts, merchant agreements, merchant cash advance agreements, revenue purchase agreements, future receipts sale and/or purchase agreements, promissory notes, and/or security agreements;

3. All guarantees;

4. All UCC-1 financing statements filed as to any agreements, contracts, loans, sales, purchases, or other obligations between You and the Debtor;

5. All ledgers and account statements;

6. All communications, emails, and correspondence; and

7. A full and complete history and accounting of all advances and/or payments or transfers of funds between You and the Debtor.

EXHIBIT B

INSTRUCTIONS

1. In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation or expurgation of any sort.

2. All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

3. All documents requested herein as to which you withhold production on the basis of a claim of privilege or statutory authority shall be listed in accordance with the instruction above and shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; (g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom shown or explained; (j) present custodian; and (k) factual or legal basis for claimed privilege, or other specific authority—statutory or non-statutory—providing the basis claimed for non-production.

4. All documents requested herein which have been destroyed, placed beyond your control, or otherwise disposed of shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; (g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom distributed, shown or explained; (j) date of destruction or other disposition; (k) reason for destruction or other disposition; (l) person authorizing destruction or other disposition; (m) person destroying or otherwise disposing of document; and (n) if not destroyed, person in possession of document otherwise disposed of.

5. Producing Electronically Stored Information: You must produce it in a form or forms in which it is reasonably usable and accessible such as in one of the following formats: .pdf, MS Word, MS Excel, or other commonly available formats.

6. In the event that any information, documents, materials, or items come to your attention, possession, custody, or control subsequent to your providing responses to these document requests, which materials or information are responsive to any of the foregoing requests, but which were not included in your initial response or production thereto, you are required to supplement and furnish the additional information and materials as soon as possible.

7. If you do not have any documents or information responsive to a particular request, you must so state.

EXHIBIT B

DEFINITIONS

The definitions of the following words, and any forms of the following words including the plural, possessive, and infinitive forms, shall govern this Rule 2004 production request and are used in the broadest sense in order to elicit full and complete information:

1. All defined terms set forth in the Motion shall have the meanings set forth therein.

2. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, facsimiles, letters, electronic mail, telegrams, telexes, tapes or other sound recordings, or other means of transmitting information from one source to another.

3. "Concerning" or "concern" shall mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, concerning, constituting, embodying, and/or mentioning.

4. "Debtor" shall refer to Azalea Gynecology, P.A., and its agents, representatives, employees, officers, and any other persons acting on its behalf.

5. "Document" or "documents" shall have the meaning employed in Federal Rule of Civil Procedure 34(a) and Federal Rule of Bankruptcy Procedure 7034, and includes, without limitation, (a) all writings, data compilations, or tangible items of whatever type, nature or description, whether typed, handwritten, printed, or otherwise; (b) tape or other sound or video recordings, e-mails, computer tapes, discs and other electronic or mechanical recordings, however recorded or reproduced; and (c) information stored in a computer including archived files and backup tapes, whether or not ever printed out or displayed. A draft is a separate document from the final text and each non-identical copy is a separate document.

The term document includes without limitation correspondence, opinions (regardless of whether such opinion was prepared by an expert), appraisals, accountings, maps, surveys, reports, memoranda, interoffice communications, notes, diaries, contracts, documents, drawings, photographs, charts, wholesale invoices and other invoices, receipts, cancelled checks, accounting records, pick-up forms, vouchers, and voucher requests, in any media including handwritten, typed, recorded, computer file, or computer tape.

6. "Each" includes both "each" and "every."

7. "Electronically Stored Information" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

8. "Relate to," "related to," "relating to," and "regarding," shall mean analyzing, containing, concerning, dealing with, constituting, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, referring to, setting forth, showing,

stating, summarizing, supporting, or in any way pertaining to the subject matter of the particular request.

9. "You" and "Your" mean and include Timeless Funding, LLC, and its/their agents, managers, members, representatives, employees, officers, directors, attorneys, accountants, and any other persons acting on its/their behalf, its/their parent institutions, and its/their subsidiaries and affiliated companies.

10. "And" or "or" shall be construed in the conjunctive or disjunctive as necessary to make the interrogatory inclusive rather than exclusive.

11. The use of the singular form of any word includes the plural and vice versa.

12. The use of the word "including" shall be construed to mean "without limitation."

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that (s)he is over eighteen (18) years of age, and that the

**EX PARTE MOTION FOR PRODUCTION OF DOCUMENTS AND INFORMATION PURSUANT TO FED. R. BANKR. P. 2004**

in the above captioned case was this day served upon the below named persons as follows:

<u>By electronic service through CM/ECF:</u>

Brian C. Behr, Bankruptcy Administrator

Algernon L. Butler, III, Attorney for the Debtor

<u>By mailing, postage prepaid, first class mail of a copy of such instrument to such persons, parties and/or counsel at the address shown below:</u>

Timeless Funding, LLC
Attn: Managing Officer/Agent
5712 Utrecht Avenue
Brooklyn, NY 11219

DATED: July 9, 2024

RICHARD P. COOK, PLLC

/s/ Richard P. Cook
Richard P. Cook
Special Counsel for the Debtor
N.C. State Bar No. 37614
7036 Wrightsville Avenue, Ste. 101
Wilmington, NC 28403
Telephone: (910) 399-3458
Email: Richard@CapeFearDebtRelief.com